(13 Misc. Rep. 213.)

### ROTH v. METROPOLITAN ST. RY. CO.

(Common Pleas of New York City and County, General Term.   June 27, 1895.)

COLLISION WITH CABLE CAR—CONTRIBUTORY NEGLIGENCE.

Where the driver of a wagon, which was loaded so that his view was shut off except in front, drew it up beside a cable-car track to let two cars, coming from opposite directions, pass him, and then, hearing no gong, suddenly turned his horse onto the track, his contributory negligence will prevent recovery for collision with the wagon of a car coming from the rear, there being no law which required continuous sounding of the gong when the track was unobstructed.

Appeal from Seventh district court

Action by Max J. Roth against the Metropolitan Street-Railway Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Henry A. Robinson, for appellant.

J. B. Sabine, for respondent.

BISCHOFF, J.   This action was brought to recover for injuries to plaintiff's wagon, sustained when in collision with one of the defendant's cable cars.   The inevitable inference to be drawn from the plaintiff's evidence is that his servant, in charge of the wagon, was chargeable with contributory negligence; hence the recovery below is not to be sustained.   From the testimony of the plaintiff's driver it appears that after crossing the defendant's track, at the outer edge of a curve, he drew up his wagon by the side of the track in order that two cars, coming from opposite directions might pass him, it being his intention to recross the tracks.   His wagon was loaded with trunks, piled in such a manner that his view on either side was cut off, and he was able only to observe what passed in front.   This being his situation, he listened for the sound of a gong, the signal of warning given from the defendant's cars when deemed requisite, and, hearing no sound, he suddenly turned his horse upon the track, and the wagon was collided with by a car approaching from the rear.   There was no evidence that the defendant's servants were required by law to continuously sound the gong when the track was unobstructed, and it was the duty of the plaintiff's driver to look for approaching danger before attempting to cross the tracks. In this case negligence was predicable of the manner in which the wagon was loaded, since thereby performance of the legal duty to observe the condition of the tracks was made impossible by the act of the party upon whom the duty was imposed.

The judgment must be reversed, and a new trial ordered, with costs to abide the event.   All concur.